AO 243 (Rev. 09/17)

**FILED**

**JUL 1 9 2021**

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of West Virginia |
|---|---|---|
| Name *(under which you were convicted)*: MATHEW ByRD | | Docket or Case No.: 3:19-CR-00080 |
| Place of Confinement: FCI McDowell | | Prisoner No.: 70281-061    3:21-cv-404 |
| UNITED STATES OF AMERICA | v. | Movant *(include name under which convicted)*: MATHEW ByRD |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United STATES DISTRICT Court for The Southern District of West Virginia

   (b) Criminal docket or case number (if you know): 3:19-CR-00080-1

2. (a) Date of the judgment of conviction (if you know): April 19th 2021
   (b) Date of sentencing: February 3 2020

3. Length of sentence: Count Three 46 months and Count five 60 months Consecutive

4. Nature of crime (all counts):

   Count 3 distribution of Heroin 841 (B)(C)
   Count 5 Possession of firearm in futherance of A drug Trafficking Crime 18 USC 924(C)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Plead guilty to Count 3 and Count 5

6. If you went to trial, what kind of trial did you have? (Check one)   N/A   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   N/A   Yes ☐   No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?          Yes ☒          No ☐

9.   If you did appeal, answer the following:
     (a)  Name of court: _United STATES of Appeal for the fourth circuit_
     (b)  Docket or case number (if you know): _20 - 4116_
     (c)  Result: _Denied_
     (d)  Date of result (if you know): _____
     (e)  Citation to the case (if you know): _20 - 4116_
     (f)  Grounds raised:

     1, ineffective Counsel
     2.  invalid 924(C) Conviction
     3,  criminal History
     4   Abuse of Discretion

     (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒     No ☐
          If "Yes," answer the following:
          (1)  Docket or case number (if you know): _No 20-7524_
          (2)  Result: _denied_

          (3)  Date of result (if you know): _April 19 2021_
          (4)  Citation to the case (if you know): _No 20-7524_
          (5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes ☐     No ☒

11.  If your answer to Question 10 was "Yes," give the following information:
     (a)  (1)  Name of court: _____
          (2)  Docket or case number (if you know): _____
          (3)  Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

       Yes ☐     No ☒

(7)   Result:         N/A

(8)   Date of result (if you know): _____ N/A _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____ N/A _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____ N/A

(4)   Nature of the proceeding: _____ N/A _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

       Yes ☐     No ☒

(7)   Result:         N/A

(8)   Date of result (if you know): _____ N/A _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:     Yes ☐    No ☐

(2)   Second petition:   Yes ☐    No ☐

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

       N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. For NOT Requesting for and Suppression Hearing for invaild Search warrant

2. For NOT Requesting a mental Evaluation Before defendant pleaded guilty

3. defendant was Actual Innocence of the 924(C) Conviction Trial Counsel didn't Challange it

See MEMORandum of Law Attached

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**  *Appellate Counsel were ineffective*

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

1. defendants Appellate Counsel was ineffective for not challenging the gun charge on Appeal Because the Record Reflected

2. Mental Evaluation was in Records where defendant had a long History of mental issues

See Attached Memo Randum of Law

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** District Court Abuse it Discretion by accepting Defendant's invaild 924 (c) Conviction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. The factaial Basis of the plea was Not Met

2. defendants did not Understand the Elements of the plea

3. The Gouernment had to prove active Employment

See Attached MemoRandum of Laws

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**   All Grounds

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

1 924(c) Argument
2. mental Evaluation Agreement
3 Abuse of Discretion by DISTRICT Court AT defendants plea
4 actual innocence of 924(c)
5 Both Counsel ineffective, Trial & Appeal Trial see

(b)   **Direct Appeal of Ground Four:**    Memorandum of LAW

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
    you are challenging?        Yes ☐        No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
    judgment you are challenging:

    (a) At the preliminary hearing:

    (b) At the arraignment and plea:

    (c) At the trial:
        Robert Lee Booten

    (d) At sentencing:
        Patrick Mullin

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
    and at the same time?        Yes ☐        No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
    challenging?        Yes ☐        No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
        sentence to be served in the future?        Yes ☐        No ☑

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

No

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –
     (1)   the date on which the judgment of conviction became final;
     (2)   the date on which the impediment to making a motion created by governmental action in violation of
     the Constitution or laws of the United States is removed, if the movant was prevented from making such a
     motion by such governmental action;
     (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
     been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
     review; or
     (4)   the date on which the facts supporting the claim or claims presented could have been discovered
     through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacted & Remanded , Delete 924(c) Conviction on
_____ Count 5
or any other relief to which movant may be entitled.

PRO SE,
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ 7/16/21 _____ .
(month, date, year)

Executed (signed) on _____ 7/16/21 _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

MOTION FOR 2255 AND MEMORANDUM OF LAW

1. DEFENDANT'S 924(C)(1) ARGUMENT AND MEMORANDUM OF LAW

2. SEARCH WARRANT ARGUMENT AND MEMORANDUM OF LAW

3. MENTAL HEALTH EVALUATION ARGUMENT AND MEMORANDUM OF LAW

4. INEFFECTIVE TRIAL AND APPEAL COUNSEL'S ARGUMENT AND MEMORANDUM OF LAW

5. EXHIBIT 1 EMAIL FROM LAWYER BOOTEN ADMITTING TO INEFFECTIVE COUNSEL IN THE DEFEN

6. EXHIBIT 2 INVALID AFFIDAVIT AND SEARCH WARRANT

DEFENDANTS'S 924(C)(1) ARGUMENT AND MEMORANDUM OF LAW

Mathew Byrd allegedly sold heroin on multiple occasions to a confidential informant at a residence located at 288 olive street in Kanawha County in St Albins WV. All the sale count was at this residence. A total of 20 grams of heroin. Byrd allegedly sold to a confidential informant on these occasions separately dating from Jan 25th, Jan 27th & Jan 31, 2019. On February 5, 2019 officers of Kanawha county gained a search warrant for a different residence located 45 minutes away in a whole another county. The house searched was address & located at 14 Nancy lane Barboursville WV in Cabell county. This residence was searched without probably cause, reliable information or controlled buys from any confidential informant. More important statements on record indicates confidential informant or officers never seen Byrd use or carry a gun. Furthermore confidential informant never knew anything about this residence on 14 Nancy lane Barboursville WV in Cabell county. After attaining a invalid search warrant officers recovered approximately $1374 on top of the dresser never proving as drug money and in that dresser drawer was a 380 Ruger hand gun with no ammunition, no clip inserted, with no drugs. In another bedroom officers recovered 254 grams of heroin along with $9000 in U.S. currency in that bedroom closet. A conviction for use of a fireman for purposes of 18 U.S.C. 924(c)(1) which requires the imposition of specified penalties on a person who uses or carries a fireman during and in relation to any crime or violence or drug trafficking crime- requires evidence sufficient to show an active employment of the firearm by the accused a use that makes the fireman an operative factor in relation to the predicate offense the use of a firearm under 924(c)(1) requires more than a showing of mere possession by a person who commits a drug offense. In order to prove the 924(c)(1) violation the government was required to present evidence indicating that the possession of a firearm furthered, advanced or help forward a drug trafficking crime. Specifically  Bailey held that the government must prove active employment. 924(c)(1) requires a person to use or carry a firearm during in relation to any crime of violence or drug trafficking crime as to brandish, displaying, bartering, striking with or firing or attempted to fire. The mere presence of a firearm without more. However is not sufficient also and accused may not be charged under 924(c)(1) mere for storing a firearm near drugs or drug proceeds because such storage, without the firearm more active employment is not reasonably distinguishable from mere possession. Bailey V United States 116 5ct 501 133 led 2d 472 516 u.s. 137 (1995) Byrd asserts that he never actively employed the gun during a drug sale and his trial attorney prejudice him by not objecting or challenging the 924 (c)(1) (count 5) or never challenged the search warrant as Byrd requested. Byrd asserts that his not understanding the relevant law in relation of the facts of his case was clearly present on record of the transcripts Byrd's trial attorney knew Byrd 924(c)(1) count was invalid but still allowed him to plea. Plea hearing transcripts reflects to Byrd's trial counsel being ineffective by stating on record of transcripts [sic] [page 16] (para 11-14)

The Court: Mr. booten are u satisfied that if this case went to trial there would be no meritorious legal defense to these charges?
Mr. Booten: yes your honor

then in the sentencing hearing transcripts Byrd's trial attorney states on (page9) (para1-3) [sic]

Mr. Booten: I understand , your honor that we have a 924(c)(1) in this matter but there was no evidence that the gun that he ever carried the gun during any drug transaction and the fact that this firearm was never carried or used during a transaction even though he admitted to using it in furtherance it was in a dresser drawer your honor where it was found.

The defendant states (para 19-25 and 1-5) (page 9-10)

and basically i really um gave Mr. booten every opportunity to you know speak for me but had i know what i know now i probably wouldn't have kept him as my attorney. I fought with him this entire case. Poor you know communication with Stephanie Taylor. I don't blame anybody but myself for that when i took this plea he was in rehab for a month or two. You know all the research i have done its not really a 924(c) but i really feel had i know what i know now i would really change things.

Byrd asserts that he has been prejudiced by the error of pleading guilty to a violation of 18 U.S.C. 924(c)(1) defendant argues with all the evidence on record where trial counsel was incompetent court must allow him to challenge the factual basis of his plea. Under the facts and circumstances of this case. A guilty plea may be rendered invalid if it was involuntary McCarthy V. United States 394 u.s. 459 466 226 ed. 2d 418 895 ct 1166 (1960) A guilty plea that is not both voluntary and knowing is in violation of due process and is void. abeau 911 f. supp at 207 In order for a guilty plea to be considered voluntary the defendant must possess an understanding of the law in relation to the facts of his case. McCarthy at 466. If the defendant understanding of the law regarding section 924(c)(1) as it relates to factual circumstances surrounding his case induced him to plead guilty his conviction was without a factual basis and consequently was invalid United States V. Crawford 932 f. supp748 (e.d.va 1996)

*Supp At 388*

accord abreu 911 f. supp at 207 see also Flecter 919 ~~and~~ f. suppat 388 (permitting the defendant to raise a jurisdictional defect on a 2255 motion where he plead guilty to something which was not a crime) under the rationale of Crawford and abreu defendants plea of guilty to 924 (c)(1) is invalid because he received the mandatory consecutive five year minimum sentence on this count defendant has been prejudiced by his plea of guilty. Furthermore a firearm enhancement under U.S.S.G. 2D1.1. (b)(1) after vacating a 924 (c) (1) conviction under bailey has been raised in a number of cases 5 courts rationales and the resulting decisions have differed a few courts have held that they did not have authority to resentence the defendant on the underlying drug count Warner V. United States 926 f. supp 1387e.d. ark 1996) Gardiner V. United States 1996 u.s. dist lexis 6158 1996 wl 224 798 (D. Minn may 3 1996) defendant has made a necessary showing of actual innocence to relieve his procedural default in failing to contest his 924 (c)(1) guilty plea in his prior direct appeal correctly. If the record disclosed that at the time of the plea neither the accused, nor his counsel correctly understood the essential elements of the crime with which he was charged, then the plea was invalid under the federal constitution. Clearly all evidence was on record. Trial counsel and appellate counsel was ineffective appellate counsel did not argue what was on record of the transcripts on page 8 of the plea hearing where statements made by the court should have been objected too on appeal.

The Court: all right lets turn to count five there your charged with violating section 924(c) and that the laws says any person who during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the united states, uses or carries a firearm or who in furtherance of any such crime, ~~possess a firearm shall be guilty~~

as to count five the the government would have to prove beyond a reasonable doubt these elements first that you committed a drug trafficking crime such as the one you just admitted to in count three and second during in relation to the commission of that crime knowingly used

### Argument

 Clearly in count three defendant allegedly sold to an informant at a residence on 288 Oliver street in Kanawha county on January 31 2019 where sergeant L J Deskins testified in plea hearing transcripts on (page 14) that "he or the informant never seen the defendant with a gun at no time or at a drug transaction. Clearly count three was not connected to count five 924 (c)(1) or could the defendant protect those drugs with a firearm because there was never a gun involved.

### page 8 of transcripts

The Court: The phrase "uses a firearm" means to active employment of a firearm to "carry a firearm means knowingly possession and bearing, movement, conveyance or transportation of a firearm

The Court: tell me what you did that makes you guilty of this

The Defendant: On February 5th 2019 the police came to my house, and i had drugs in one room and a gun in another room and that's basically it.

### Argument

Defendant clearly pleaded to count three allegedly January 31, 2019 drug sale. Which no gun was involved and the rest of the counts was dropped and never proving by a jury. More importantly the factual basis of the 924 (c)(1) was not met and the plea was invalid. the defendant's plea was involuntary because he was misinformed about the elements of a 924 (c)(1) offense that this claim was not waived by his guilty plea and that his 924 (c)(1) conviction should respectfully be vacated. Plea does not qualify as voluntary and intelligent unless a criminal defendant receives "real notice of the true nature of the charges against him" Smith V. Ogrady 312 u.s. 329 334 85 led. 859, 61 sct, 572 1941

(On page 15) (para 25)
of the plea hearing transcripts

Defendant lawyer booten question or cross examined officer deskins.

Mr Booten: do you have any information that indicates Byrd carried or used a gun during any of those transactions

Officer Deskins: No Sir

(On page 19) (para 15-19)
of the plea hearing transcripts

2-4

The Court: Do you understand that you have the right to appeal your convictions if you believe your guilty plea today were unlawful or involuntary or that there is some defect in the proceedings that you have not waived by pleading guilty

The Defendant: Yes your honor

(page 5) (para 1-6)
plea hearing transcripts
where defendant pleaded guilty to count 3 and 5

The Court: in count three on January 31st 2019 at St Albins Kanawha County west Virginia and within the southern district of west Virginia defendant Mathew Byrd knowingly and intentionally distribute a quantity of heroin in violation of title 21 united states code section 841 (a)(1) (without a gun)

The Court: In count five on February 5 2019 in Barboursville Cabell county west Virginia you pleaded to possession of a firearm in furtherance of a drug trafficking crime (count 5 must be vacated)

The Defendant plead guilty to count three distribution of heroin at a residence 288 Oliver street in Kanawha county and also plead guilty to count 5 possession of a firearm in furtherance of a drug trafficking crime at a different residence 45 minutes away at 14 Nancy lane Barboursville wv Cabell County. 18 U.S.C. 924 (c)(1) requires the imposition of certain penalties if during or in relation to any drug trafficking crime the defendant uses or carries a firearm a guilty plea may be rendered invalid if it was involuntary the defendant must posses an understanding of the relevant law in relation section 924 (c)(1) as it relates to the factual circumstances surrounding his case. Induced him to plead guilty his convictions was without a factual basis and consequently was invalid. United States V. Crawford 932 f. supp 748 (ED Va 1996) accord abreu 911 f. supp at 207 see also flecther 919 f. supp at 388 ( permitting the defendant to raise a jurisdictional defect via a 2255 motion where he plead guilty to something which was not a crime) thus under the rationale of Crawford and abreu defendants plead of guilty to 924 (c)(1) is invalid because of counsel erroneous advice to plea, the evidence was insufficient to support the defendant's conviction for use of a firearm because he did not actively employ his gun during the drug sale however under bailey mere possession of a firearm during and in relation to a drug trafficking offense does not constitute use with meaning of a 924 (c)(1) In the defendants case a gun was found in a dresser drawer unloaded , no ammunition, clip was not inserted fourth circuit has held that 924(c)(1) requires the government to present

evidence indicating that the possession of a firearm furthered, advanced or help forward a drug trafficking crime United States V. Lomax 293 f. 3d 701, 705 (4th cir 2020) thus a conviction under 924(c)(1) is inappropriate if " the firearm presence is coincidental or entirely unrelated to the crime United States V. Stevens 380 f.3d 1021 1027 (7th cir 2004) quoting Smith V. United States 508 u.s. 223 238 113 s.ct 2050 124 led 2d 138 (1993) trial counsel still refused to file a motion to suppress and challenge the affidavit of the search warrant clear prejudice toward the defendant. Without the false material the affidavit content would be insufficient to establish probable cause id 156. The two pronged franks test applies not only to cases in which an agent includes affirmatively false statements in a warrant affidavit but also when and agent omits relevant facts from the affidavit United States V. Colkley 899 f. 2d. 297, 300 (4th cir 1990) counsels representation fell below an objective standard of reasonableness and there is proof without his unprofessional errors the results of the proceedings would have been different because if the suppression hearing was done the defendant sentence would be 60 months lesser. It is undisputed that the defendants statements on transcripts  clarify his intention not to plea and rather go to trial if he knew he did not have a 924(c)(1) conviction. Because of his counsel incompetence advice the defendant was sentenced to 60 months more. Mcmann V. Richardson 397 u.s. 759 771 25 L. ed 2d 763 90 s. ct. 1441 1970. Defendant has satisfied the two prongs in Strickland V. Washington 466 u.s. 668 80 led 2nd 674104 sct 2052

1) There was no evidence of reasonable suspicion drug actively or controlled buys at residence 14 Nancy lane Barboursville WV in Cabell county.

2)Drug sales was allegedly made at a residence at 288 Oliver street in Kanawha county 45 minutes away in a different county.

3)Confidential informant or officers stated Byrd never carried a firearm.

4) confidential informant never knew of the residence on 14 Nancy lane Barboursville WV in Cabell county, clearly (no reliable information)

     see Franks 438 u.s. at 165 (it is established law that warrant affidavit must set fourth particular facts and circumstances underlying the existence of probable cause so as to allows the judge to make an independent evaluation of the matter) In Owens exrel Owens V. Lott 372 f.3d 267 277 (4th cir 2004) (only considering "the information actually presented to the magistrate during the warrant application process) In franks the supreme court developed a two prong test clarifying what a criminal defendant must show when challenging the veracity of statements made in an affidavit supporting a search warrant If both prongs are met the search warrant must be voided and the fruits of the search excluded Franks 438 u.s. a 155-56. Under the first prong the "intentionally" prong the defendant must show that "a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit under the second prong the materiality prong the defendant must show that with the affidavits false material set to one side the affidavit's remaining content is insufficient to establish probable cause id at 156.

Defendant argues that officers, prosecutor, and trial counsel knew that drugs was allegedly sold in one county (Kanawha county) and a gun was found in a different residence in another county (Cabell county). Defendant asserts that misleading statements was placed in the search warrant affidavit and the evidence was left out the affidavit that no drugs was sold out of the searched residence on 14 Nancy lane Barboursville WV (Cabell county)

## SEARCH WARRANT ARGUMENT AND MEMORANDUM OF LAW

On 1-31-19 CI met with Putnam county narcotics unit. CI was allegedly directed to make contact with Mathew Byrd to set up a purchase of heroin. CI claims he made contact with Byrd through messaging. Which officers could not confirm it was Byrd on the other end. Allegedly CI met with Byrd at a residence on 288 Oliver st. ST Albins WV (Kanawha County). Officers stated in the affidavit that the CI was also provided with only covert recording device (no video). CI went into the residence and allegedly met with Byrd. Officers or ci never states in the affidavit that two other people (one male one female) was inside the residence on 288 Oliver st. CI states that he believes there is more heroin and illegal narcotics being held inside the residence provided to the officers in a recorded debriefing. Officers allegedly followed Byrd 45 minutes away across two county lines in another county to a residence on 14 Nancy lane Barbourville wv, Cabell county. Where CI has never purchased drugs from or never knew that residence to meet Byrd. Officers claim in affidavit probable cause exists because he surveillance Byrd carrying groceries inside after visiting Wal-Mart. So the officers believed that this was Byrd's primary residence. Byrd asserts that the evidence from the residence on 14 Nancy lane Barboursville wv in Cabell county should have been suppressed because the officers affidavit supporting the search contained false and misleading statements as well as material omissions. under Franks V. Delaware 438 u.s. 154 98-s.ct 2674 57 l.ed 2d 667 1978 A defendant can obtain an evidentiary hearing on an affidavits integrity by making a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included by the affiant in the warrant was included by the affiant in the warrant affidavit. United States V. Colkley 899 f. 2d 297. 300(4th cir 1990) quoting franks 438 u.s. at 155-56. A franks hearing is also warranted if the defendant makes a substantial showing that the affiant omitted material facts with intent to make or in reckless disregard of weather they thereby made the affidavit misleading Colkley 889 f. 2d at 300. Ultimately suppression under franks is called for omissions that were "essential to the probable cause determination" (magistrate's probable cause determination can not be mere ratification of the bare conclusions of others) See Illinois V. Gates 462 u.s. 213 239103 s. ct. 2317. 76 led 2d 527 (1983)

### Applicable Law

The fourth amendment protects the right of the people to be secure in their persons house paper and effects against unreasonable searches and seizures "us const amend 1v st requires that searches and seizures be reasonable Riley V. California 573 u.s. 373 382 134 s.ct 2473 189 l. ed 2d 430 2014 citing Brigham city V. Staurt 547 u.s. 398 403 126 s. ct1943 164 led2d 650 (2006) In determining reasonableness the intrusion on the individuals fourth amendment interest must be balanced against its promotion of legitimate government interests United States V. Villamonte-marquez 462 u.s. 579 588 103 s.ct. 2573 77 led 2d 22 1983 generally the reasonableness requirement of the fourth amendment requires that law enforcement obtain a judicial warrant before performing a search and seizure (citing vernonia school dist 47j v acton 515 u.s. 646 653 115 s.ct 2386 132 L ed 2d 564 (1995) An application for a search warrant must provide a basis for a magistrate to find that there is probable cause for a search see United States V. Gary 528 f. 3d 324 328 (4th cir 2008) Byrd asserts that his trial counsel was ineffective for not motioning the courts for a suppression hearing in byrd's behalf to satisify strickland a defendant must first show that counsel refused to file a hearing after going over the affidavit and search warrant with byrd. Where evidence was omissions and misleading. Where no drugs was ever sold out of the residence and ci never knew where the residence was located, officers allegedly claims to have attained probable cause by seeing the defendant carry groceries in the residence. This residence was across county lines out of juristdiction of different county officers, no criminal conduct was conducted at this residence. No competent defense attorney refuse his client a request to suppression his evidence under these circumstances. Stickland further requires a defendant to demonstrate prejudice a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different 466 u.s. at 694 104 s.ct 2052 80 L.ed 2d 674. Due to trial counsel not requesting a hearing deprieved the defendant out of a much lesser sentence by 60 to 80 months difference. Where a firearm was found and the defendant was charged with a actual innocence 924 (c) charge. The defendant received a 60 month consecutive sentence so without the 924(c) gun charge the defendant would be subject to immediate release clearly trial counsel prejudice the defendant. Byrd agrues that officers from St Albins county left out information about two other people was inside the residence on 288 oliver St in kanawha county. Where the ci allegedly purchases all the drugs from. Misleading information was given because the magistrate never knew that two other people was in the house, and also drugs and money could of been stored there. As CI stated to officers. Clearly 288 oliver street was never searched and never put in the affidavit only probable cause exists was the residence the drugs was brought from. Affidavit never stated did the defendant live or who lived at this residence. If the officer that attained the search warrant and did the affdavit went by the CI statement in the affdavit. Clearly the wrong house was given a warrant to search. Residence 14 nancy lane Barbousville in cabell county. The defendant has shown by preponderance of evidence that trial counsel was ineffective and officer omitted information from the search warrant affidavit and theres misleading statements that was insufficient for probable cause to a search warrant. The defendant

has met both prongs in franks. The search warrant must be voided and the fruits of the search excluded. Investigator davis's omissions therefore prevented a neautral magistrate from being able to accurately asses the reliablity and veracity and thus the significance of the informants statements see United States V. Glover 755 f.3d 811, 814 (7th cur2014) (concluding that an affidavit that omitted all the information regarding the informat's crediblity) CI was clearly using heroin in the instant case while working as a CI. Officers withheld the CI poor misconduct and fell to put it in the affidavit of the search warrnt  after viewing the recording of a transaction.see united states v lull 824 f 3d 109 2016 app lexis 9569 (where the search warrant was insufficient due to no probable cause and unreiable informant . Undermined the issueing magistrate's ability to perform his role as a neutral arbiter of probable cause. Magistrate cannot now rely on these statements in assessing weather probable cause existed see United States V. Hall 113 f.3d 157 158 (9th cir 1997) (holding that a search warrant based solely upon an informat's claim locked probable cause where affidavit omitted "absolutely citical" information calling into question the informat's crediblity).

MENTAL HEALTH EVALUATION ARGUMENT AND MEMORANDUM OF LAW

Trial counsel was ineffective and the courts abused its discretion in failing to conduct a competency hearing in defendant's behalf. Byrd trial attorney was ineffective by failing to investigate Byrd's mental health conditions. Byrd suffered from mental health problems, drug abuse, and anxiety as well as depression since the age of 18. Byrd was diagnosed in grade school with mild impairment and has struggled with learning disabilities throughout his formative years. Byrd trial counsel knew of Byrd disabilities when he took this case and failed to alert the courts of Byrd's conditions of him not understanding the nature and consequences of the proceedings against him or to assist properly in his defense. Byrd's trial counsel should of motion the court before Byrd plead guilty for a mental health evaluation. Failing to do so caused the defendant to just follow his attorney's advice of (just say yes to the judge). (The conviction of a defendant when he is legally incompetent is a violation of due process and congress has safeguarding the right by providing that trial court may conduct competency hearings. Beck V. Angelone 261 f 3d 377 387 (4th cir 2001) United States V. Mason 52 f. 3d 1286 1289 (4th cir 1995) When neither party moves for a competency hearing the district court shall order such a hearing if there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is able to understand. As the supreme court has said the test must be weather he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and weather he has a rational as well as factual understanding of the proceedings against him. Dusky V. United States 362 u.s. 402 8s.ct 788 4l.ed 2d 824 (1960) United States V. Basham 789 f. 3d 358 379 (4th cir 2015)(quoting dusky)

In the transcripts of the plea hearing page 3 para 17-21 the court states:

The court: Mr. booten do you have any reason to question the competence of your client?
Mr. Booten: no your honor i do not
The court: all right Mr. Byrd i find you are competent and capable of entering an informed plea

## Argument

Mr. booten was ineffective and contradicted himself in the sentencing hearing that prejudice Byrd. In the first of the sentencing hearing the court address a mental health evaluation motion that Mr. booten filed in the court.

The court: first i want to address the motion that the defendant filed just about a week ago. A motion first for a mental evaluation.do you want to explain the basis for the motion for a mental health evaluation
Mr. Booten: yes your honor Mr. Byrd has a history of mental health issues dating back to grade school.

Booten knew of Byrd's health and mental health issues as soon as booten was retained on Byrd's case. Byrd was a detainee in carter county detention center, where booten help Byrd attain his medical records and first learned of Byrd's mental health issues and learning disabilities after Byrd's arrest. and Byrd's bond hearing where Byrd was unable to receive bond Mr. Booten prejudice Byrd by not filing a motion to receive a mental health evaluation before the defendant pleaded trial counsel knew his client did not understand and had mental health issues and learning disabilities. Mr. Booten had advised the defendant to plea to an open plea where Byrd could of had a plea agreement with benefits and could of gotten a lesser sentence by pleading to a plea agreement. In the sentencing transcripts the defendant talked about him and his attorney had problems through the whole process and the record reflects that.

Also the courts states in page 2 para 14-25:

The court: well having reviewed the pre sentence report and also considering the letters of support that were sent in on behalf of the defendant first it is clear that your client or Mr. Byrd it is clear that you have a long history of substance abuse i understand that dates back to the unfortunate results of a serious car accident. Also there is indications that you may have had some learning disabilities struggled with depression and things like that.

Mr. Booten representation fell below the attorney standards of reasonableness and no competent attorney would have not filed an mental health evaluation to see if his client needed help or sent to a mental facility or was competent to plea.

EXHIBIT ATTACHED: A letter email from Mr. Booten to defendant's mother how he confessed to misrepresentation Byrd's case.

1 - 2

Mr. Booten email states:

dear Brenda, this email will confirm my representations made on 2-3-2020. That i spent a period of time in rehab during the summer of 2019 and that it eventually adversely my representation of matt in his sentencing process. Further that i neglected by oversight to protect Byrd. I will fully cooperate with any new counsel that matt obtains R Lee Booten attorney sign and date his signature.

The two prongs of Strickland has been met and Byrd would have had a different outcome at sentencing if the trial counsel would of not been ineffective.

2-2

INEFFECTIVE TRIAL AND APPEAL COUNSEL AND MEMORANDUM OF LAW

In the instant case United States V. Byrd the government never prove active employment of a firearm under 18 U.S.C.S 924 (c) (1). United States V. Wheeler 886 f.3d 415 2018 app lexis 7756 no 16-6073 (4th cir 2018) Clearly the record reflected when trial counsel "booten" admitted in the sentencing transcripts that Byrd's 924(c) was not really a 924(c). But instead advised Byrd to plea to an extra 60 month sentence. With no chance of receiving a one year reduction for the 500 hour residential drug program. Byrd no longer qualify for the reduction because the wrong advice of pleading to the 924(c) count. Byrd was also sentenced to five years supervised release. On the 924(c)(1) charge Byrd trial attorney and direct appeal attorney was ineffective. Relief could of been obtained on direct appeal because the plea and the sentencing transcripts clearly showed that Byrd was prejudice by both attorneys. The defendant would of not plead guilty and would of insisted on going to trial. Strickland V. Washington 1984 466 us. 668 80 led 2d 674 104 sct 2052 United States V. Cintron and United States V. craig (4th cir) states ineffective assistance of counsel may be warrant withdrawal of a guilty plea where counsel's performance was so deficient as to fall below an objective standard of reasonable probability that defendant would have not plead guilty absent the deficient performance. Ineffective assistance of counsel claims may be heard on direct appeal where the ineffective assistance is conclusively established by the record on appeal where the validity of a guilty plea is raised for the first time on appeal. It is reviewed for plain error. Moreover there was no indication that the firearm was loaded police found the gun without a clip inserted and no fingerprints clearly plea transcripts of officers and ci stated Byrd was never seen with a gun or utilized in anyway during the three drug transactions. Byrd was alleged to be charged with in order to convict under 18 U.S.C. 924 (c)(1) the prosecution must prove beyond a reasonable doubt that the defendant (i) used, carried or possessed a firearm(ii) in furtherance of a drug trafficking crime United States V. Jeffers 570 f. 3d 557565 (4th cir 2009) Byrd never fully understood the elements and consequences of pleading guilty to his charge and the record reflects that.

In plea hearing transcripts page 8

The court states: as to count five (Byrd) 924(c)(1) count the government would have to prove beyond a reasonable doubt these elements first that you committed a drug trafficking crime for which you be prosecuted in a court of the united states such as the one you just admitted in count three during and in relation to the crime

The court states: tell me what you did that makes you guilty of this

The defendant: on February 5th the police came to my house and i had drugs in one room and a gun in another room and that's basically it.

Argument

Byrd was unaware of what the courts was explaining about the sale charge in count three. There was not a gun no where around that transaction or any other transactions made by law enforcement. Byrd stated to the judge that a gun was in one room and drugs was in another and that's basically it. Clearly showed Byrd didn't understand the elements and the circumstances of a 924(c)(1). Moreover counsel was incompetent for not explaining to Byrd or the court that the phrase uses a firearm means to actively employment of a firearm. To carry means bearing, movement, conveyance or to transportation of a firearm. Byrd did neither of these and is actual innocence of a 924(c)(1) conviction.



**From:** **R. Lee Booten II** bootenlaw@wvdsl.net
**Subject:** Re: Brenda Walker
**Date:** February 4, 2020 at 12:22 PM
**To:** Brenda Byrd b.byrd87@yahoo.com
**Cc:** R Lee Booten II bootenlaw@wvdsl.net

Dear Brenda: This email will confirm my representations made on 2/3/2020 that I spent a period of time in rehab during the summer
of 2019 and that it eventually adversely
        my representation of Matt in his sentencing process. Further, that I neglected by oversight to protect Matt's and his
stepfather's interest in the 2016 Escalade during
        the forfeiture portion of his case. I have submitted a claim upon my Hanover Ins policy, and provided you with that claim info
this same date. Upon being interviewed
        by the adjuster I will provide them Mr Walker's contact info to process his portion of this claim. Further, I provided you all
requested personal documentation of Matt
        this same date. I will fully cooperate with any new counsel that Matt obtains.  R Lee Booten II

2/4/2020

## AFFIDAVIT FOR SEARCH WARRANT

## "ATTACHMENT I"

Detective K. A. Davis, being duly sworn upon his oath deposes and says the following:

1. I am currently a Detective with the Putnam County Narcotics Unit in Putnam County assigned to the DEA Charleston WV division.  I have been employed by the Putnam County Sheriff's Department for approximately 5 years and a certified Police officer for approximately 8 years. I was assigned to (MDENT) Metro Drug Unit in 2013 for approximately 1 year. As a Detective for the Putnam County Drug Unit, I am charged with enforcing the Controlled Substances Act, Title 21, United States Code and the West Virginia Uniform Controlled Substance Act and other duties as imposed by law.  I have received extensive narcotics training in such courses as:

   - Institute of Police Technology and Management Undercover Drug Enforcement School

   - Drug Enforcement Administration's Clandestine Methamphetamines Laboratory School

   - Oklahoma City National Interdiction Conference

   - Professional Law Enforcement Training, Cultivating and Managing Confidential Informants

1. By virtue of employment your affiant performs and has performed various tasks which include, but are not limited to:

   a. Functioning as an undercover agent primarily for the purpose of obtaining information concerning drug traffickers and the inner working of drug organizations;

*RB*
2 - 1 - 19

b.  Functioning as a surveillance agent observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

c.  Functions as a case agent, which entails the supervision of specific investigations;

d.  The tracing of monies and assets gained by drug traffickers from the illegal sale of drugs;

e.  Interviewing witness and informants relative to the illegal traffic of drugs and the distribution of monies and assets derived from the illegal traffic of drugs.

1.  As a result of my personal participation in the investigation of matters referred to in this affidavit and based upon reports made to me by other law enforcement officials, your affiant is familiar with the facts and circumstances of this investigation.  On the basis of that formality, your affiant has determined the following:

On 01-31-2019 this officer and other members of the Putnam County Narcotics Unit met with CI 19-8400-002 at an undisclosed location.  The CI was directed to make contact with Mathew Byrd to set up the purchase of tar Heroin.  Byrd was previously identified by the CI as a source of supply of heroin.

The CI did make contact with Byrd through messaging and set up the purchase of tar heroin.  The CI and Byrd agreed for the CI to meet Byrd inside a residence located at 288 Oliver Street St. Albans, WV (Kanawha County) a white and brick single story rancher.

The CI's person was searched by this officer and found to be free of contraband and currency. The CI was given pre recorded buy money. The CI was also provided with covert recording devices.

The CI then drove to the target location where the CI went inside and met with Mathew Byrd.  The CI handed Byrd the buy money in exchange for tar heroin. The CI then exited the residence and got back into his vehicle to drive to the predetermined undisclosed location.



The CI then drove to an undisclosed location where the CI gave this officer a bag of a dark brown substance. The substance later field tested positive for heroin.

The CI's person was then again searched by this officer and found to be free of contraband and currency.

The CI believes there is more heroin and illegal narcotics being held inside the residence.

The covert recording device was also recovered from the CI. The CI then provided this officer with a recorded debrief regarding the events that transpired during the transaction.

After the controlled purchase detectives observed the target get into a black Cadillac Escalade bearing WV registration O1E821 that the target has used to transport and deliver narcotics on prior purchases. The target then took Rt. 60 into Cabell County. Detectives then followed Mr. Byrd and the Escalade to Mr. Byrd's residence located at Hazel Jay Estates #14 Barboursville WV (Cabell County). Mr. Byrd exited the Escalade and entered the residence numbered "14". During surveillance in prior days Mr. Byrd has been seen staying at this residence and carrying groceries inside after visiting Walmart. It is believed this is his primary residence.

The CI believes this residence is where Mr. Byrd is keeping the large amount of tar heroin he distributes and the US currency made by the drug sells.

4. Other detectives assisting me in this investigation and I have conducted investigations regarding drug violations in which individuals involved in narcotics trafficking utilized large amounts of United States currency to purchase or lease assets and then placed these assets in the names of other individuals or corporations in order to conceal their ownership and control of these assets from the Internal Revenue Service.

5. It has been our experience that individuals involved in narcotics trafficking, that are making substantial income, may attempt to conceal this income. Instead of depositing receipts into bank accounts in their own name, such individuals utilize currency to pay for business and personal expenses. In addition, narcotics traffickers often lease or rent homes, cars, and businesses rather than purchase them in order to conceal income or



purchase such items in the names of other individuals.  Narcotics traffickers are also known to maintain photographs of associates in their drug business.

a.  The source of this information, and the grounds for this belief, are based upon training, experience and participation in other drug investigations involving large amounts of cocaine, and/or other Controlled Dangerous Substances.  Other Detectives assisting in this investigation and your affiant have learned the following from these previous investigations:

a. Large scale narcotics traffickers often purchase and/or title their assets in fictitious names, aliases or the names of relatives, associates or business entities to avoid detection of these assets by government agencies;

b. Even though these assets are in the names other than the narcotics traffickers, the narcotics traffickers actually own and continue to use these assets and exercise dominion and control over them;

c. Large-scale narcotics traffickers must maintain, on hand, large amounts of United States currency in order to maintain and finance their ongoing narcotics business;

d. It is common for narcotics traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, receipts relating to the purchase of financial instruments and/or the transfer of funds, and other papers relating to the Transportation, ordering, sale and distribution of controlled substances.  These items are maintained where traffickers have ready access to them;

e.  It is common for large scale drug dealers to secrete contraband, proceeds of drug sales and records of drug transactions in secure locations within their residences, their businesses and/or other locations which they maintain dominion and control over, for ready access and to conceal these items from law enforcement authorities;

f. In order to accomplish this concealment, narcotics traffickers frequently build "stash" places within their residences or businesses. There are a number of publications available instructing where and how to build "stash" places and copies of these types of publications have been found in the residences of narcotics traffickers;

g. It is common for persons involved in large scale narcotics trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment and/or expenditure of narcotics proceeds, such as: currency, financial instruments, precious metals and gemstones, jewelry, books, records, invoices, receipts, records of real estate transactions, bank statements and related records, pass books, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, and money wrappers. These items are maintained by the narcotics traffickers within their residences, businesses or other locations, which they maintain dominion and control over;

h. When drug traffickers amass large proceeds from the sale of drugs the traffickers attempt to legitimize these profits through money laundering activities. To accomplish these goals, drug traffickers utilize domestic and international banks and their attendant services, securities brokers, professionals such as attorneys and accountants, casinos, real estate ventures, shell corporations and business fronts, and otherwise legitimate businesses which generate large quantities of currency;

i. The sale of controlled substances generates large quantities of United States currency in small denominations (commonly referred to as "street money");

j. It is common for drug dealers to physically handle and count the "street money" after receiving it in exchange for the controlled substances, thereby leaving residue traces of the controlled substances on the "street money." Law enforcement agencies own dogs that are trained to react to the scent of controlled

2 - RB
1 - 19

substances.  Those trained dogs have reacted to narcotics tainted currency

negotiated at banks and concealed in the residences of narcotics traffickers;

k. It is common for controlled substance / drug dealers to separate their "street

money" by denomination and put this currency in rubber banded stacks in varying

one thousand dollar increments to facilitate quick counting;

l. The Courts have recognized that the small and medium denominations of

questionable currency, along with the manner in which the currency is handled,

carried and concealed may establish probable cause that there is a substantial

connection between the questionable currency and narcotics transactions;

m.  Controlled substance / drug traffickers commonly maintain addresses or

telephone numbers in books or papers which reflect names, addresses and/or

telephone numbers of their associates in the trafficking organization;

n.  Controlled substance / drug traffickers take or cause to be taken photographs

of themselves, their associates, their property and their product.  These traffickers

usually maintain these photographs in their possession;

o.  Controlled substance / drug traffickers commonly have in their possession,

which is on their person, at their residences and at their businesses, firearms,

including but not limited to: handguns, pistols, revolvers, rifles, shotguns, machine

guns and other weapons.  These firearms are used to protect and secure a

Controlled substance trafficker's property.  Such property may include, but is not

limited to:  narcotics, jewelry, narcotics paraphernalia, books, records and United

States currency.

7.      WHEREFORE, your affiant respectfully requests an issuance of a search warrant

for the residence in question: Hazel Jay Estates #14 Barboursville WV (Cabell

County) a two story brick duplex clearly marked #14.

GPS: 38.414222, -82.310742

Further, your affiant sayeth not.

2 - RB
- / - / 9

K. A. Davis
Detective
Putnam Narcotics Unit
Ona West Task Force


Subscribed and sworn to before me this 1st day of Feb, 2019

Magistrate Judge
Cabell County Magistrate Court

**AFFIDAVIT AND COMPLAINT FOR SEARCH WARRANT**          SW #14 Hazel Jay Est's

STATE OF WEST VIRGINIA,

COUNTY OF _____ Cabell _____ , TO-WIT:

This day personally appeared before the undersigned, a Circuit Judge for said County,

_____ Detective K. A. Davis _____ , who, after being first duly sworn, upon his oath says:

the                              That on _____ 31st _____ day of _____ January _____ , 20 _19_ ,

and prior to the making of this Complaint, in the said County of _____ Cabell _____ , _____ ,

Possess with intent to deliver a Controlled Substance/ Delivery of a

____ Mathew Byrd ____ did unlawfully *(and feloniously) Controlled Substance. _____

_____

(State the Offense as fully set forth in warrant)

_____

_____

and that the affiant has cause to believe and does believe that property,
*a) (Stolen) (Embezzled) (Obtained by false pretenses)
*b) (Designed and intended for use) (which is and has been used) as a means of committing such criminal offense
*c) (Manufactured ) (sold) (kept) (concealed) (possessed) (controlled) (designed and intended for use) (which is and
        has been used) in violation of the criminal laws of the state
*d) (Evidence of a crime)

Namely,  See affidavit 1 _____
                (State property to be seized)

_____

_____

is concealed in  Hazel Jay Estates #14 Barboursville WV a two story brick duplex door marked "14" GPS: 38.414222, -82.310742
                (Describe premises)

_____

                        and that the facts for such belief are  See affidavit 1 _____

_____

                (State facts for belief)

_____

                                        _____  Detective K. A. Davis
                                                                Complainant
                                        (Type name on the line; have Complainant sign above typed name)

Taken, subscribed and sworn to before me this the ____ 1st ____ day of _____ February _____ , 20 _19_

                        _____
                                        Magistrate

*Strike out inapplicable words.

NOTE:  W.Va. Code § 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.

SCA-M28

## SEARCH WARRANT

STATE OF WEST VIRGINIA,

COUNTY OF _____ Cabell _____ , TO-WIT:

TO THE SHERIFF OR ANY DEPUTY SHERIFF OF THE COUNTY, TO ANY MEMBER OF THE DEPARTMENT OF PUBLIC SAFETY, OR TO ANY POLICE OFFICER AUTHORIZED BY LAW TO EXECUTE SEARCH WARRANTS.

Whereas, _____ Detective K. A. Davis _____ has this day made complaint on oath before the

undersigned, Magistrate of said County, that on the ___31st___ day of ___January___ , 20 __19__ ,

and prior to the issuance of this warrant, in the said County of ___Cabell___ , ___Mathew Byrd___

_____ did unlawfully *(and feloniously) Possess with intent to deliver a Controlled Substance/ Delivery of a Controlled Substance.

_____
(State the Offense)

_____

_____

and that the complainant has cause to believe and does believe that property,
*a) (Stolen) (Embezzled) (Obtained by false pretenses)
*b) (Designed and intended for use) (which is and has been used) as a means of committing such criminal offense
*c) (Manufactured ) (sold) (kept) (concealed) (possessed) (controlled) (designed and intended for use) (which is and has been used) in violation of the criminal laws of the state
*d) (Evidence of a crime)

Namely, __See affidavit 1__
(State property to be seized)

_____

is concealed in __Hazel Jay Estates #14 Barboursville WV a two story brick duplex door marked "14" GPS: 38.414222, -82.310742__

and that the grounds for probable cause for the issuance of this warrant are as follows: ___See affidavit 1___

_____
(State facts for belief)

_____

_____ /s/ Detective K. A. Davis
(Type name on the line)

You are therefore, commanded in the name of the State of West Virginia to search forthwith the premises above described and all appurtenances appertaining thereto for the property above specified, to seize such property and bring the same before me to be dealt with according to law.

Given under my had this the __1st__ day of __FEBRUARY__ , 20 __19__

*Strike out inapplicable words.

_____
Magistrate

NOTE:  W.Va. Code § 62-1A-4 provides specifically that a warrant may be executed and returned only within 10 days after its date.
SCA-M28

Mathew Byrd 70281-006
Federal correctional Instution
FCI Mcdowell
P. O. Box 1009
Welch, WV 24801



United States Courthouse
845 5ᵀᴴ AVE # 101
huntington, WV 25701