**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6192**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MATHEW RYAN BYRD,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00080-1)

_____

Submitted:  September 7, 2021                Decided:  September 21, 2021

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Patrick A. Mullin, THE LAW OFFICES OF PATRICK A. MULLIN, New York, New York, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mathew Ryan Byrd appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which claimed that his medical conditions placed him at greater risk of serious infection from COVID-19. The district court found that he submitted insufficient evidence to show a particularized susceptibility to the virus or that the Bureau of Prisons was unresponsive to his medical needs, in order to show extraordinary and compelling reasons warranting his release. We affirm.

Ordinarily, "a sentencing court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). "Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if the 'court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction' and that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). While there is currently no policy statement applicable to compassionate release motions filed by defendants, "which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction," the policy statement applicable to BOP-filed motions "remains helpful guidance even when motions are filed by defendants." *McCoy*, 981 F.3d at 282-83 & n.7; *High*, 997 F.3d at 186.

As we have explained, "[a]n inmate's serious medical condition can be the basis" for finding "extraordinary and compelling" reasons to grant compassionate release; and

2

"COVID-19 raises medical issues in the prison context that are particularly serious." *High*, 997 F.3d at 185 (citing USSG § 1B1.13 cmt. n.1(A)). "The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." *Id*. "In a different way, actually contracting COVID-19 can also provide a compelling case for relief if coupled with a prison's inability to address the condition and circumstances calling for compassion." *Id*.

Elucidating the shape of qualifying medical conditions "is statutorily committed to the Sentencing Commission"; but "depending on the circumstances, an inmate might well be able to present an extraordinary and compelling reason for release based on COVID-19." *Id*. at 185. While the current version of USSG § 1B1.13 is only "applicable" to BOP-motions, "[o]ne might reasonably believe" its definitions of extraordinary and compelling medical conditions will also apply to defendant-filed motions. *Id*. at 186. "In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *Id*.

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam); *High*, 997 F.3d at 185. A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law. *Kibble*, 992 F.3d at 332; *High*, 997 F.3d at 187. When considering a defendant's motion

for compassionate release, a district court must "'set forth enough to satisfy [our] court that [it] has *considered* the parties' arguments and has *a reasoned basis* for exercising [its] own legal decisionmaking authority,' so as to 'allow for meaningful appellate review.'" *High*, 997 F.3d at 190 (*quoting Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).

Under an abuse-of-discretion standard, we review a district court's factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). "'Under clear-error review, our task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety.'" *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (citation omitted). "'This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.'" *Id*. (citation omitted).

We have reviewed the record and find no clear error or abuse of discretion by the district court. After reviewing Byrd's medical records and filings, the court found that they did "not indicate that Byrd is currently struggling with maintain[ing] his health or that the BOP is unresponsive to his needs." Moreover, although the court was "not indifferent or unsympathetic to the risk COVID-19 presents to incarcerated individuals," it found "that insufficient evidence has been submitted to support a finding that release is appropriate under these circumstances." On appeal, Byrd fails to show any clear error in the court's findings, and we conclude that the court's account of the evidence is plausible in light of the record viewed in its entirety. Moreover, the court properly considered both his risk from contracting COVID-19 and the prison's ability to address his conditions in deciding that he failed to show extraordinary and compelling circumstances warranting his release.

We further conclude that Byrd has not shown that the court acted arbitrarily or irrationally, failed to consider judicially recognized factors constraining its exercise of discretion, relied on erroneous factual or legal premises, or committed an error of law.

Accordingly, we deny Byrd's pending motions and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*