## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                  **Criminal No. 3:19-CR-00080**

**MATHEW RYAN BYRD**

## AFFIDAVIT OF TRIAL COUNSEL

Now Comes R. Lee Booten II, defendant's trial counsel and for his Affidavit to

defendant's 28 U.S.C. § 2255 motion, he states as follows:

R. Lee Booten II, was in fact defendant's trial counsel (hereinafter "TC") as he

states in his 28 U.S.C. § 2255 motion; however, after that point TC can agree on very little of

the representations therein.  TC's review of defendant's § 2255 motion shows it is not timely

filed within one year of his 2/4/2020 judgment of conviction, and without any explanation

in response to Q. 18.  Further, TC observes that defendant did in fact raise the ineffective

assistance of TC in his direct appeal to the 4th Circuit in 20-4116, despite stating "No" in

response to Q. 12(b) that it had not been raised on direct appeal (*See*, Answer to Q. 9).  While

it is not TC's place to argue in opposition to defendant's motion, TC points the Court's

attention to these two responses to questions answered in his § 2255 motion as shining

examples that your defendant will not hesitate to misrepresent facts to this Court, as done

so in his detailed memorandum of law as attached to his § 2255 motion.

In direct response to the underlying facts defendant cites in support of his

allegations of ineffective trial counsel, as set forth in response to Q. 12(a), TC states as

follows: 1) While it is true that TC did not file a suppression motion as towards the search warrant issued for the search of defendant's apartment, however, TC simply found no good faith grounds to cite in a motion to suppress, and advised defendant of that opinion formed after a review of all discovery materials.  2) While, again, it is true that TC did not file a pre-plea motion for mental examination of defendant, however, again, TC had no good faith belief of evidence that defendant was incompetent.  In fact, TC states that your defendant is very competent, as witnessed by the detailed memorandum of law attached to his § 2255 motion. 3) While it is true that your defendant considered going to trial on the 18 U.S.C. § 924(c) allegation to thereby claim his innocence, TC so advised defendant that in his opinion that the facts of the audio/video heroin sales to a confidential informant, a valid search warrant for his apartment, and then finding over 250 grams of heroin, over $10,000 in cash, coupled with finding the handgun in a dresser of his bedroom, and the fact that the drugs and money were found in the adjoining closet, all of which led TC to the opinion that he had no meritorious defense at a trial of those charges.

TC also feels compelled to address all of the numerous misrepresentations defendant has set forth in his memorandum of law, as follows:

1) TC did state that defendant had no meritorious defenses at his plea hearing because that was TC's well-reasoned opinion;

2) TC did not fight with the defendant the entire case, he did in fact fight with defendant's mother for the entire case, particularly since she called TC almost every day, sometimes multiple times, and TC would tell her the same opinions over-and-over again. As far as the defendant, he and TC got along fabulously the first several months of

representation.  Things began to sour when TC advised defendant of his final opinions, and it was not what defendant wanted to hear.  But as it has been said, the truth hurts.

      3) Your defendant claims that his guilty plea was involuntary, which TC highly disputes.  Of course, your defendant stated in his plea hearing that it was voluntary, but your defendant and TC had numerous discussions concerning the differences between entering his plea without a plea agreement to Counts III an V of the indictment, opposed to entering a plea with a plea agreement upon those same two counts, which was the government's only offer.  Your defendant and TC also discussed the differences between pleading guilty and going to trial.  TC's opinion concerning sentencing guidelines if your defendant went to trial was such that he would be found guilty of possession with intent to deliver heroin which produced a Level 24, and then with a two level enhancement for possession of a firearm; but not in furtherance of the drug transaction, that such would produce a Level 26.  With the defendant having a criminal history score of III such would have produced a sentencing range of 78 – 97 months.  Comparing those guidelines to the 104 months your defendant received, your defendant if he went to trial could have had a sentence of just 28 months lower, which assumes that the Court would have given him the lowest end of the guideline sentencing range.  However, if in fact defendant went to trial and was certainly found guilty of the drug charge, and also of the § 924(c) charge, then your defendant's sentencing range would have been 123 – 138 months, even if defendant received the lowest end of the guideline range your defendant would have been risking serving an additional 19 months, or more.  Thus, according to TC's sentencing calculations your defendant only standed to receive a sentence of only 9 months better in comparison with going to trial and being convicted, without a conviction on the § 924(c) charge.  These calculations made it very

obvious to TC that the defendant was much better off with pleading guilty to Counts III and V, with or without a plea agreement. Your defendant chose to plea without a plea agreement to create the impression that he was not cooperating with the government, when in fact your defendant was cooperating with the government, and was trying to earn a motion for substantial assistance to reduce his sentence. Of course, the government was not of the opinion to grant your defendant a motion for substantial assistance. The point is that the defendant's choice of pleading guilty to Counts III and V of the Indictment without a plea agreement was not just voluntary, but was the defendant's best course of action in the opinion of TC.

4) Your defendant claims that there was no evidence to support a 924(c) conviction, to which TC's opinion was that defendant would be convicted of the 924 (c) count on the basis of the gun being considered "in furtherance of a drug crime", due to the location of the gun in your defendant's bedroom, the 254 grams of heroin, and over $10,000 being found in the bedroom adjoining closet.

5) Defendant's claims that the search warrant was invalid, but upon examination by TC it was shown that there was no meritorious argument to file a motion to suppress, as to which a review of the search warrant and the supporting affidavit will so reveal.

6) Your defendant's claim of being incompetent is simply false, as evidenced by the detailed memorandum that your defendant has attached to his § 2255 Motion, and further considering your defendant had a previous federal conviction and was extremely versed in the criminal procedure in Federal Court.

7) TC observed nothing that would serve as a basis for requesting a mental exam prior to entry of the defendant's plea, and the motion that TC made shortly before sentencing was made at the defendant's and his mother's insistence, and their threats of filing bar complaints and civil actions against TC. In that motion for mental exam counsel never stated that defendant had demonstrated any mental health issues or competency issues throughout his representation.

Therefore, TC vigorously denies that his representation was ineffective. However, TC did admit to your defendant and his mother that during the summer of 2019 TC sought drug and alcohol recovery. It is counsel's belief that it was the constant and overwhelming actions of the defendant's mother that poisoned the relationship between TC and his client. Many of the complaints of TC's representation prior to sentencing dealt with the government's failure to return the Escalade which defendant had driven from his home to the scene of the drug transactions, which belonged to your defendant's stepfather, Mark Walker. TC repeatedly stated to the defendant and his mother that it was his opinion that at the conclusion of the case with your defendant's sentencing, that the government would determine that Mr. Walker was an innocent party and would return the vehicle. While it is true that TC did not file a claim on behalf of your defendant concerning any interest in that vehicle, that decision was based upon the fact that the defendant had no interest in said vehicle. Counsel neither filed a claim on behalf of Mr. Walker, in that TC did not represent Mr. Walker, and further the government failed to provide notice of the forfeiture to Mr. Walker despite the fact that TC had provided ample documentation so showing that the vehicle in question was titled to Mr. Walker along with the loan documentation showing that he was making payments upon said vehicle. As predicted, the government did in fact move

to return the vehicle to Mr. Walker, and an Order to that effect was entered by the Court, and Mr. Walker did in fact recover his vehicle. Since that time TC has had no further contact from your defendant's mother, wherein throughout the representation defendant's mother would call at least once a day to discuss the same issues over and over, and over again. TC's opinion about these matters never changed throughout his representation.

Lastly, TC is of the opinion that your defendant is making a grave mistake in attempting to set aside his guilty plea and then go to trial upon this matter when he only stands to gain 28 months, there is the risk of serving an additional 19 months if found guilty of the charges, to which TC was always of the opinion would be the trial's outcome. TC makes no comment upon your defendant's motion for compassionate release in that it appears that defendant's conditions have further adversely developed since that time of TC's representation. In fact, TC is hopeful that your defendant would receive some consideration to address his concerns for his mental and physical well-being and thereby grant your defendant in some fashion a compassionate release before serving his complete sentence. Additionally, TC despite his adamant objections regarding his representation of your defendant in his § 2255 motion, harbors no ill will towards your defendant in that by all appearances your defendant truly believes he is acting in his own best interests. In that regards it is TC's belief that the defendant has received faulty advice from the numerous jailhouse attorneys to which TC believes your defendant has relied upon, as evidenced by the detail memorandum of law filed in conjunction with defendant's § 2255 Motion. It is TC's belief that the defendant did not draft that memorandum's arguments upon the points of law and case law so cited in said memorandum.

To all of which your TC does state under oath as being true and correct, after being sworn to tell the truth by the undersigned notary public.

_____

**R. Lee Booten II, Esquire**
**Defendant's Trial Counsel**
WV State Bar No. 406
637 -- 7th Street
Huntington, WV 25701
Phone: 304-522-4601
Fax: 304-523-1020
E-mail: bootenlaw@wvdsl.net

**STATE OF WEST VIRGINIA**
**COUNTY OF CABELL, TO-WIT:**

Taken, subscribed and sworn before me the undersigned Notary Public, by R. Lee Booten II, who appeared before me on the 11th day of November, 2021, and after being duly sworn, signed this document in my presence.

My Commissioner Expires: August 9th 2023

_____
**Notary Public**

OFFICIAL SEAL
NOTARY PUBLIC, STATE OF WEST VIRGINIA
**Carey Murdock Pilcher**
HE Pilcher and Company
610 Fifth Ave., Huntington, WV 25701
My Commission Expires August 09, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Criminal No. 3:19-CR-00080**

**MATHEW RYAN BYRD**

### CERTIFICATE OF SERVICE

I, R. Lee Booten II, counsel for defendant, do hereby certify that on this the 11th

day of November 2021, I electronically filed the foregoing Affidavit of Trial Counsel, with the

Clerk of the Court using the CM/ECF system which will send electronic notice of such filing

to CM/ECF participants, and also to the defendant at the address which your defendant has

listed in his § 2255 Motion, that being:

Mathew Ryan Byrd
Inmate No. 70281-061
FCI McDowell
P.O. Box 1009
Welch, WV 24801

/S/R. Lee Booten II
**R. Lee Booten II , Esquire**
Defendant's Trial Counsel
WV State Bar No. 406
637 -- 7th Street
Huntington, WV  25701
Telephone: (304) 522-4601
Fax: (304) 523-1020
E-mail: bootenlaw@wvdsl.net
