**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                                 CRIMINAL ACTION NO.   3:19-00080

MATHEW BYRD

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Mathew Ryan Byrd's Third Motion to Reduce

Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 158) and Motion for Issuance of

Show Cause Order (ECF No. 166). Consistent with its previous orders, the Court **DENIES**

Defendant Byrd's Motion. ECF No. 158. The Court also construes Byrd's "Motion for Issuance

of Show Cause Order" as a request to direct a Government response. ECF No. 166. Given that Mr.

Byrd filed his Third Motion on October 14, 2021 (ECF No. 158), the Court directed a response on

November 11, 2021 (ECF No. 165), and the Government filed the response on November 17, 2021

(ECF No. 168), the Court does not find it necessary to analyze this Motion and it is **DENIED AS**

**MOOT**.

## I.   APPLICABLE LAW

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat.

5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of

imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C.

§ 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before

defendants may request such a reduction, defendants must ask the BOP to do so on their behalf.

*See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id.*

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018).

During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

## II. ANALYSIS[1]

Defendant Byrd filed his first motion for compassionate release on August 27, 2020. ECF No. 89. The Court denied that motion on September 1, 2020, finding that Byrd had failed to show a particularized risk of contracting COVID-19 at his prison facility. ECF No. 90, at 2. On September 25, 2020, with the assistance of counsel, Byrd filed a motion for reconsideration. ECF No. 93. After ordering the United States to respond to the motion, Court denied the motion for reconsideration on October 16, 2020. ECF No. 110; ECF No. 117. In its order denying

---

[1] The Court has twice found that Defendant Byrd sufficiently exhausted his administrative remedies. *See* ECF No. 90, at 1; ECF No. 117, at 1. Accordingly, it will not address exhaustion in this order and will jump directly into the merits of Byrd's Motion.

reconsideration, the Court found there was "a lack of evidence to support a finding that [Byrd] is currently suffering from a serious condition that makes him particularly susceptible to the coronavirus or otherwise merits relief under § 3582(c)(1)(A)(i)." ECF No. 117, at 2. Additionally, the Court again found that Byrd had not shown a particularized risk of contraction at FCI McDowell. *Id.*

Byrd filed an appeal of the Court's order denying his motion for compassionate release, and the Fourth Circuit affirmed this Court's decision, finding that this Court's "account of the evidence is plausible in light of the record…." and that it "properly considered both his risk from contracting COVID-19 and the prison's ability to address his conditions in deciding that he failed to show extraordinary and compelling circumstances warranting his release." ECF No. 122.

Byrd then filed a second motion for compassionate release, again arguing that extraordinary and compelling reasons existed to warrant release given his serious medical conditions and the increasing rates of COVID-19 infection in federal prisons, including FCI McDowell. ECF No. 125. The Court again concluded that Byrd had not established extraordinary and compelling circumstances, because the filings did not indicate that Byrd was currently struggling with maintaining his health or that the BOP was unresponsive to his needs. ECF No. 133. Byrd also appealed this order, and the Fourth Circuit again affirmed this Court's findings. ECF No. 152.

Byrd's current motion largely centers around the same arguments, that his underlying medical conditions constitute "compelling and extraordinary reason[s]" and that the sentencing factors favor reduction of his incarceration to home confinement. *See e.g.*, Mot. for Compassionate Release, ECF No. 161. In support of this Motion, Defendant includes additional supporting medical records and cites the widespread circulation of the "Delta Variant." *Id.* His basic

contentions are that his medical issues have worsened, he has gained weight, and he is not receiving proper medical treatment while incarcerated. *Id.* at 5. Specifically, he states that he has gained weight because he is not allowed to leave his cell for exercise, and he has not been able to receive nebulizer treatment for his breathing conditions due to suspension of this treatment during the pandemic. *Id*. He also notes that he has made numerous attempts to obtain medical treatment, many of which have been delayed, requiring him to follow up multiple times. *Id*. at 6. Further, Defendant advises that he has chosen to forego the offered vaccine "in light of potentially serious complications due to his history of severe allergies to bee stings and penicillin." *Id.* at 7. Finally, he notes that remaining incarcerated puts him at high risk because FCI McDowell is in the red category, indicating intense modification of operational levels, and contends that there is currently an "extremely high positive test rate of 26.72%." *Id*.

Upon receipt and review of Byrd's Motion, the Court ordered the Government to Respond. ECF No. 165.[2] The United States filed a Response and attached Byrd's medical records. U.S. Resp., ECF No. 170. Records, ECF No. 170-1. The United States argues that the BOP has continued to adequately offer medical treatment as Defendant is still receiving the same medications for his medical issues. U.S. Resp., at 4-5. It argues that his recent ultrasound revealed no evidence of cystic masses, kidney stones, or other abnormality. *Id*. Further Mr. Byrd was offered a vaccination against COVID-19, which he refused on March 31, 2021. *Id*. It additionally argues that BOP's response to the pandemic has been sufficient. *Id*. at 5-11.

---

[2] The Court also notes that Byrd has filed a Reply. ECF No. 175. The Reply largely reiterates the grounds Byrd presented in his Motion and addresses the Government's arguments that Byrd is a danger to the community and that release would not be appropriate in light of the § 3553(a) factors. Because the Court finds that Byrd has not established extraordinary and compelling circumstances to warrant release, it does not reach the questions of whether Byrd is a danger to others or if his release would comport with § 3553(a).

Finally, it notes that FCI McDowell is handling the crisis appropriately, as evidenced by the statistics available. There are zero inmates reported to have tested positive, and only one staff member who has tested positive. *See* https://www.bop.gov/coronavirus/index.jsp (last visited November 30, 2021). A total of 357 inmates and 60 staff members previously tested positive for COVID-19 and have since recovered. *Id*. There has not been an inmate or staff member death at the facility attributed to COVID-19. *Id.* A total of 157 staff members and 1,040 inmates at FCI McDowell are fully vaccinated against COVID-19. *Id*

Upon a review of the Motion, Defendant's Memorandum in Support, the Government's Response, Defendant's Reply, and the Defendant's medical records, the Court concludes that Byrd has not established extraordinary and compelling circumstances, as he has not shown a particularized susceptibility to the virus that would warrant relief under § 3582(c)(1)(A).

Again, the BOP is presently reporting one confirmed positive case among inmates at the prison. It has also administered 1,042 vaccines to the approximately 1,575 people incarcerated at FCI McDowell. *See* https://www.bop.gov/coronavirus/ (last visited November 30, 2021); https://www.bop.gov/locations/institutions/mcd/ (last visited November 30, 2021).

Byrd admits that he has chosen not to be vaccinated "because he is not comfortable" considering his history of allergies to bee stings and penicillin - neither of which have been identified by the CDC as relevant considerations. In fact, the CDC recommends that "people get vaccinated even if they have a history of severe allergic reactions," if those allergies are unrelated to the vaccine ingredients. *See* COVID-19 Vaccines for People with Allergies, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/specific-groups/

allergies.html (last visited November 30, 2021). The efficacy of vaccination is high; his medical conditions make vaccination more imperative. His choice to not be vaccinated is his right, but it does not support release in these circumstances.

Mr. Byrd has gained approximately 14 pounds since his last filed motion. *Id*. at 31. His BMI has increased, but he remains in the same obese category per CDC guidelines. *See* Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/ bmi_calculator.html (last visited November 31, 2021). Of course, obesity is an important risk factor under CDC guidelines, but the Court cannot say that this weight gain constitutes an increased risk to warrant extraordinary and compelling circumstances.

While Defendant has several significant medical conditions (obesity, breathing problems, kidney problems, and edema), the medical records from the BOP reveal that these conditions are being managed, and that BOP has been responsive. *See e.g*., Records, ECF No. 161-1. Although Byrd has recently complained of kidney issues, he was recently given an ultrasound which indicated that there were no findings of abnormalities. *See id*. at 8. Byrd has continued to complain of unspecified lung issues and notes specifically that he has been unable to receive his nebulizer treatments. *Id.* at 22. However, he continued to receive other treatment and was prescribed medications such as inhalers to treat the issue. *Id.* at 10, 11. He was also referred to a lung specialist for an exam, which found that there was no evidence of abnormalities and that he had a stable chest compared to an exam approximately six months earlier. *Id.* at 9.

When medical testing revealed high triglycerides, he was put on medication for treatment. *Id.* at 11, 13. Upon request by Mr. Byrd, his medical records regarding his allergies were updated. *Id*. at 19-20. All in all, the filings in this case do not indicate that Byrd is currently struggling with

maintain his health or that the BOP is unresponsive to his needs. In fact, the records show that the BOP is taking steps to monitor and treat Byrd's medical conditions.

As stated in its previous order, the Court is not indifferent or unsympathetic to the risk COVID-19 presents to incarcerated individuals. Still, the Court again finds that insufficient evidence has been submitted to support a finding that release is appropriate in these circumstances.

### III. CONCLUSION

For the reasons herein, the Court **DENIES** Defendant's Motion (ECF No. 158) and **DENIES AS MOOT** Defendant's Motion to Show Cause (ECF No. 166).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        December 1, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE