IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:19-00080

MATHEW BYRD

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Mathew Ryan Byrd's Fourth Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 222). Consistent with its previous orders, the Court **DENIES** Defendant Byrd's Motion.

**I.  APPLICABLE LAW**

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent

with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018).

During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

## II. ANALYSIS[1]

Defendant Byrd filed his first motion for compassionate release on August 27, 2020. ECF No. 89. The Court denied that motion on September 1, 2020, finding that Mr. Byrd had failed to show a particularized risk of contracting COVID-19 at his prison facility. ECF No. 90, at 2. On September 25, 2020, with the assistance of counsel, Mr. Byrd filed a motion for reconsideration. ECF No. 93. After ordering the United States to respond to the motion, Court denied the motion for reconsideration on October 16, 2020. ECF No. 110; ECF No. 117. In its order denying reconsideration, the Court found there was "a lack of evidence to support a finding that [Mr. Byrd] is currently suffering from a serious condition that makes him particularly susceptible to the coronavirus or otherwise merits relief under § 3582(c)(1)(A)(i)." ECF No. 117, at 2. Additionally,

---

[1] The Court has twice found that Mr. Byrd sufficiently exhausted his administrative remedies. *See* ECF No. 90, at 1; ECF No. 117, at 1. Accordingly, it will not address exhaustion in this order and will jump directly into the merits of Mr. Byrd's Motion.

the Court again found that Mr. Byrd had not shown a particularized risk of contraction at FCI McDowell. *Id.*

Mr. Byrd filed an appeal of the Court's order denying his motion for compassionate release, and the Fourth Circuit affirmed this Court's decision, finding that this Court's "account of the evidence is plausible in light of the record…." and that it "properly considered both his risk from contracting COVID-19 and the prison's ability to address his conditions in deciding that he failed to show extraordinary and compelling circumstances warranting his release." ECF No. 122.

Mr. Byrd then filed a second motion for compassionate release, again arguing that extraordinary and compelling reasons existed to warrant release given his serious medical conditions and the increasing rates of COVID-19 infection in federal prisons, including FCI McDowell. ECF No. 125. The Court again concluded that Mr. Byrd had not established extraordinary and compelling circumstances, because the filings did not indicate that Mr. Byrd was currently struggling with maintaining his health or that the BOP was unresponsive to his needs. ECF No. 133. Mr. Byrd also appealed this order, and the Fourth Circuit again affirmed this Court's findings. ECF No. 152.

Undeterred, Mr. Byrd filed a third motion for compassionate release on October 14, 2021, largely centering around the same arguments that this underlying medical conditions constitute "extraordinary and compelling reasons" warranting compassionate release, given COVID-19 pandemic. ECF No. 158; *see* Mem. in Supp. of Mot., ECF No. 161. In that motion, Mr. Byrd asserted that his medical conditions had worsened, medical treatment was delayed, and he had chosen to forego vaccination for COVID-19 due to a history of allergic reactions to bee stings and penicillin. *Id*. at 5-7. Again, the Court found that Mr. Byrd had not established extraordinary and compelling circumstances warranting a sentence reduction, as he did not show a particularized

susceptibility to the virus that would warrant relief under § 3582(c)(1)(A). ECF No. 176. Mr. Byrd appealed, and the Fourth Circuit again affirmed. ECF Nos. 178, 206 & 207.

For a fourth time, Mr. Byrd has motioned for a sentence reduction, arguing that his susceptibility to COVID-19 is an "extraordinary and compelling reason" warranting compassionate release. ECF Nos. 221 & 222. Mr. Byrd argues that his obesity, hypertension, asthma, depression, and history of smoking render him particularly susceptible to COVID-19. Mem. Br. in Supp. of Mot. for Sentence Reduction at 19-23, ECF No. 222. The Court directed the Government to respond, and a Response was filed on March 8, 2023. ECF No. 229. The Government attached medical records for Mr. Byrd to that Response. ECF Nos. 229-1 & 229-2. Mr. Byrd replied on March 20, 2023. ECF No. 230.

Upon a review of the Motion, Defendant's Memorandum in Support, the Government's Response, Defendant's Reply, and the Defendant's medical records, the Court concludes that Mr. Byrd has not established extraordinary and compelling circumstances, as he has not shown a particularized susceptibility to the virus that would warrant relief under § 3582(c)(1)(A).

Mr. Byrd is now housed at FCI Berlin. As in his previous facility, the Court concludes that FCI Berlin is handling the COVID-19 crisis appropriately, as evidenced by the statistics available. The BOP is presently reporting one confirmed positive case among staff at the prison, and no positive inmate cases. It has also administered 729 vaccines to the 671 people incarcerated at FCI Berlin. *See* https://www.bop.gov/coronavirus/ (last visited April 10, 2023); https://www.bop.gov/locations/institutions/ber/ (last visited April 10, 2023). Furthermore, Mr. Byrd is now among the vaccinated, making him less susceptible to adverse consequences from COVID-19. *See* ECF No. 222 at 23; ECF No. 229-2 (vaccination record). Since the start of the pandemic, a total of 423 inmates and 117 staff members previously tested positive for COVID-19

and have since recovered. *See* https://www.bop.gov/coronavirus/ (last visited April 10, 2023). There has not been an inmate or staff member death at the facility attributed to COVID-19. *Id.* While none of these factors is independently dispositive, the Court finds that together they denote that there is not currently an extraordinary, particularized risk of contracting COVID-19 at FCI Berlin for Mr. Byrd.

In sum, while Defendant has several significant medical conditions, the Court finds that the medical records from the BOP reveal that these conditions are being managed, and that BOP has been responsive. *See e.g.*, ECF No. 229-1. Mr. Byrd does not complain of any new or particular complications from his various medical conditions since his previous motion for compassionate release. The medical records provided do not indicate that Mr. Byrd is currently struggling with maintain his health or that the BOP is unresponsive to his needs. In fact, the records show that the BOP is taking steps to monitor and treat Mr. Byrd's medical conditions.

Mr. Byrd previously raised the issue of obesity in his third motion for compassionate release. *See* ECF No. 161 at 4. Since that point in time, he avers he has lost 17 pounds. *Compare id.* (listing Mr. Byrd's weight at 277 pounds) *with* ECF No. 222 at 20 (listing his weight at 260 pounds). While this Court has recognized that obesity is an important risk factor under CDC guidelines, *see* ECF No. 176 at 2, it cannot say that a loss of 17 pounds constitutes an increased risk to warrant extraordinary and compelling circumstances.

Likewise, Mr. Byrd raised the issue of his history of smoking, asthma, and high blood pressure in his previous motions for compassionate release. *See* ECF Nos. 89, 125, 161. Accordingly, the Court addressed these risk factors in its previous denials of compassionate release and incorporates that analysis here. *See* ECF Nos. 90, 133, 176. The Court cannot find that Mr.

Byrd avers that anything significant has changed with regards to these medical conditions since its last order.

Mr. Byrd complains that surgical intervention for a hernia and dental x-rays have been delayed. *See* ECF No. 230 at 5. But the medical records provided demonstrate that the BOP has taken significant steps towards assessing and treating his hernia, including scheduling surgical procedures and doctor evaluations. *See* ECF No. 229-1 at 1-2. Moreover, his more serious medical conditions, such as his asthma and high blood pressure, are being treated and managed by the BOP. *See, passim* ECF No. 229-1. The Court reminds Mr. Byrd that the relevant guideline advises that the "extraordinary and compelling circumstances" standard encompasses "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 cmt. n. 1(A)(ii). The Court cannot find that the allegedly delayed care for Mr. Byrd's hernia and dentistry would constitute such an extraordinary and compelling circumstance, even if fully substantiated. Nor does delayed hernia or dental care create an increased risk of susceptibility to COVID-19.

As stated in several of its previous orders, the Court is not indifferent or unsympathetic to the risk COVID-19 presents to incarcerated individuals. Still, the Court again finds that insufficient evidence has been submitted to support a finding that release is appropriate in these circumstances. In fact, the Court cannot find that anything significant has changed for Mr. Byrd since his third motion for compassionate release was filed. Accordingly, the Court instructs Mr. Byrd not to file again for compassionate release on the grounds of increased susceptibility to COVID-19 until or unless a significant medical change occurs.

## III. CONCLUSION

For the reasons herein, the Court **DENIES** Defendant's Motion. ECF No. 221.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: April 12, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE