IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO.   3:19-00080

MATHEW BYRD

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Fifth Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) and for Appointment of Counsel, *see* ECF No. 234, and Defendant's Motion for Order to Show Cause as to Matthew Byrd, *see* ECF No. 251 (collectively "Def.'s Mot."). For the following reasons, the Court **DENIES** both motions.[1]

**BACKGROUND**

In July 2019, Defendant Matthew Byrd pled guilty without a plea agreement to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A). *See* ECF No. 53.

Defendant's Presentence Report ("PSR") recommended a sentence of forty-six to fifty-seven months for the drug offense and a sentence of five years—to be served consecutively—for the firearm offense. *See* PSR ¶¶ 66–68, ECF No. 77. The Court denied Defendant's motion for a downward variance. *See* District Judge Daybook Entry at 1, ECF No. 73. The Court imposed a sentence of forty-six-months for the drug offense followed by a consecutive sixty months for the firearm offense—a total of 106 months. *See* Judgment at 2, ECF No. 75.

---

[1] The Court also considered the Government's Response to Defendant's Fifth Motion for Compassionate Release and for Appointment of Counsel ("Govt. Resp."), ECF No. 239, and Defendant's Reply ("Def.'s Reply"), ECF No. 241.

**LEGAL STANDARD**

Under 18 U.S.C. § 3852(c)(1)(A)(i), a court may reduce a term of imprisonment for "extraordinary and compelling reasons." This includes "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no statutory category." *United States v. McCoy*, 981 F.3d 271, 284, 287 (4th Cir. 2020).

When deciding a § 3582(c)(1)(A) motion, the Court proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). *First*, the Court considers whether the defendant establishes "extraordinary and compelling reasons" supporting a sentence reduction. *See id.* at 185. *Second*, the Court considers whether granting a reduction is "consistent with applicable policy statements issue[d] by the Sentencing Commission." *Id.* at 185–56 (quotation omitted). Because there are "no applicable policy statements" regarding compassionate release, the Court can "consider any extraordinary and compelling reasons for release" a defendant might raise. *McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). *Third*, if the Court finds extraordinary and compelling reasons, the Court must ensure a reduction comports with the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mangarella*, 57 F.4th 197, 200 (4th Cir. 2023).

The Court need not address every argument raised by a defendant. *See United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). Instead, the Court must "set forth enough" explanation to show it "considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022).

**ANALYSIS**

Defendant makes three arguments for compassionate release. None persuade. *First*, Defendant argues "[t]here was a sentencing error" in his Sentencing Guideline Range. Def.'s Mot. at 1. He argues the Government agreed to a Criminal History Category II, but the Court

nevertheless sentenced him under Category III. *See id.* The Government argues it never agreed to a Criminal History Category of II. *See* Govt. Resp. at 4.

Defendant's argument is barred by *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022). There, the Fourth Circuit held the "exclusive method" for challenging a sentence after the direct appeal period expires is 28 U.S.C. § 2255 (*i.e.* a habeas petition). *See Ferguson*, 55 F.4th at 270. If the "substance" of the defendant's request for relief "attacks" his sentence, he must follow the rules set forth in § 2255. *Id.* He cannot "sidestep" § 2255 by filing a motion for compassionate release. *Id.* Here, Defendant argues his sentence was improperly calculated; he argues he should have been sentenced under Category II instead of Category III. These "alleged errors" are not grounds for compassionate release. *United States v. Ulmer*, 2023 WL 4879808, at *4 (E.D.N.C. July 31, 2023) (rejecting a defendant's pro se motion requesting compassionate release based on "alleged sentencing errors" and "ineffective assistance of counsel").

*Next*, Defendant argues if he had been sentenced today, he would receive a shorter sentence. *See* Def.'s Mot. at 1. As a result, Defendant requests this Court provide him a reduced, "just" sentence under *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). *Id.*

The Court declines this request. The 2018 Sentencing Guidelines and the 2021 Sentencing Guidelines yield the same criminal history category and the same guideline range for Defendant's offenses. As a result, *McCoy* provides no relief. *See* 981 F.3d at 285 (looking for an "enormous disparity" between the sentence received and the sentence the defendant would receive today).

Consider first the gun offense. 18 U.S.C. § 924(c)(1)(A) "prohibits the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, or the possession of a firearm in further of such crimes." A violation of § 924 "carries a mandatory minimum term of five years' imprisonment," *United States v. O'Brien*, 560 U.S. 218, 221 (2010), which must run consecutively

to other sentences, *see Abbott v. United States*, 562 U.S. 8, 23 (2010). The 2018 Sentencing Guidelines and the 2021 Sentencing Guidelines capture these rules. *Compare* U.S.S.G. §§ 2K2.4(b); 5G1.2(a) (2018) *with* U.S.S.G. §§ 2K2.4(b); 5G1.2(a) (2021). Defendant would, therefore, receive the same sixty-month sentence for his gun offense.

Consider next the drug offense. Under 21 U.S.C. § 841(a)(1), it is "unlawful for any person knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Heroin is a Schedule I controlled substance. *See* 21 U.S.C. § 812; 21 C.F.R. § 1308.11. Because Defendant's indictment references a "unspecified quantity of heroin," he was subject to § 841(b)(C)'s penalty provision under which there is no mandatory minimum and the maximum term of imprisonment is not more than twenty years. *See United States v. Hamler*, 289 F. Supp. 2d 764, 766 (S.D. W. Va. 2003); PSR ¶ 66. As a result, the Court considered the 2018 Sentencing Guidelines. *See id.* ¶ 17. Under these guidelines, Defendant's base offense level was twenty-four. *See id.* ¶ 21. However, Defendant received a two-point reduction under U.S.S.G. § 3E1.1(a) (Acceptance of Responsibility) and a one-point reduction under U.S.S.G. § 3E1.1.(b) (Acceptance of Responsibility). *See id.* ¶¶ 28–29. Together, Defendant's total base offense level was twenty-one. *See id.* ¶¶ 30. In addition, Defendant received four criminal history points resulting in a Criminal History Category of III. *See id.* ¶¶ 33–38. Accordingly, the Sentencing Guidelines recommended a term of imprisonment of forty-six to fifty-seven months. *See id.* ¶¶ 68. Defendant received a sentence of forty-six months—an amount at the bottom of the Guideline range. *See* ECF No. 75 at 2.

The 2021 Sentencing Guidelines do not change this calculus. Under those guidelines, Defendant's offense would result in the same base offense level of twenty-four. *See* Drug Quantity Table, U.S.S.G. § 2D1.1 (2021). Defendants' acceptance of responsibility would yield the same

three-point reduction resulting in a total base offense level of twenty-one. *See* U.S.S.G. §§ 3E.1.1(a); 3E1.1(b) (2021). Defendant's prior criminal history would result in the same Criminal History Category of III. *See* U.S.S.G. §§ 4A1.1(a), 4A1.1(c), 4A1.2(c)(2) (2021) (defining criminal history point qualifications); Sentencing Table, U.S.S.G. Ch. 5, Part A (2021) (translating criminal history points to a Criminal History Category). Altogether, the 2021 Sentencing Guideline Range recommends a term of imprisonment of forty-six to fifty-seven months—the same term recommended by the 2018 Sentencing Guidelines. *See id.*

In short, Defendant's 106-month "total" sentence reflects the statutory minimum for his gun offense combined with the shortest possible sentence recommended for his drug offense. Accordingly, the Court finds no disparity between previous and current sentencing policies. *See United States v. Moore*, 2022 WL 1087670, at \*4 (S.D. W. Va. Apr. 11, 2022) (Chambers, J.) (rejecting claim for compassionate relief because the defendant "cannot show a resulting disparity in sentence" between the old and new statutory regime punishing the defendant's behavior).

*Finally*, Defendant argues several defendants in this district court who committed the "same identical crime as defendant" received "substantially" shorter sentences. Def.'s Reply at 2. He cites three cases for support. *See id.* Defendant misreads these cases.

In *United States v. Taylor*, the defendant pled guilty to a single-count information charging him with conspiring him to distribute 100 grams or more of heroin. *See* 2022 WL 1510546, at \*1 (S.D. W.Va. May 12, 2022). Unlike Defendant's offense, Taylor's offense carried a "minimum sentence of five years." *Id.* Although Taylor received a two-point gun enhancement, he did not plead guilty to a gun offense under 18 U.S.C. § 924. *See* Presentence Report at 1, *id.*, ECF No. 55. Regardless, Taylor received a sentence of 138 months—thirty-two months *longer* than Defendant's drug-related sentence. *See Taylor*, 2022 WL 1510546, at \*1.

In *United States v. Willie Verdell Peterson a/k/a "Chill,"* the defendant pled guilty to distributing 100 grams or more of heroin. *See* Presentence Report at 1, No. 3:18-cr-00070-1 (S.D. W. Va. Feb. 7, 2019), ECF 614. Unlike Defendant's offense, Peterson's offense carried a minimum sentence of five years. *See id.* at 23; 21 U.S.C. §§ 841(b)(1)(B). Peterson did not plead guilty to a gun offense under 18 U.S.C. § 924 carrying a minimum sentence. Regardless, Peterson received a sentence of ninety-seven months—fifty-one months *longer* than Defendant's drug-related sentence. *See* Judgment at 2, *Peterson*, 3:18-cr-00070-1 (S.D. W. Va. Feb. 7, 2019), ECF No. 609.

Finally, in *United States v. Roberts et al.*, defendant Anthony Cruz pled guilty to distributing 500 grams or more of methamphetamine. *See* Presentence Report at 1, No. 2:18-cr-00004-4 (S.D. W.Va. Sept. 7, 2018), ECF No. 173. Unlike Defendant's offense, Cruz's offense carried a minimum sentence of ten years. *See id.* at 51; 21 U.S.C. § 841(b)(1)(A). Cruz did not plead guilty to a gun offense under 18 U.S.C. § 924. Regardless, Cruz received a sentence of 168 months—122 months *longer* than Defendant's drug-related sentence. *See* ECF 158.

In short, these cases reflect a simple principle: different cases with different defendants and different offenses will yield different results. *Cf. Twitter, Inc. v. Tamneh*, 143 S. Ct. 1206, 1231 (2023) (Jackson, J., concurring) ("Other cases presenting different allegations and different records may lead to different conclusions."). Because Defendant fails to point to any similarly situated defendants—let alone proves a "gross disparity" between his sentence and those of the similarly situated defendants—the Court holds a sentence reduction is unwarranted.

## CONCLUSION

The Court **DENIES** Defendant's Fifth Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) and for Appointment of Counsel and **DENIES** Defendant's Motion for Order to Show Cause as to Matthew Byrd. The Court **DIRECTS** the Clerk to send a copy of this Order

to counsel and Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

      ENTER:    October 18, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE