IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:19-00080

MATHEW BYRD

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Sixth Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for Appointment of Counsel ("Def.'s Mot."), ECF No. 263-1. For the following reasons, the Court **DENIES** the motion.[1]

## BACKGROUND

In July 2019, Defendant Mathew Byrd pled guilty without a plea agreement to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A). ECF No. 53. The Court imposed a sentence totaling 106 months: forty-six-months for the drug offense followed by a consecutive sixty months for the firearm offense. *See* ECF No. 75. Mr. Byrd was 32 years old at the time of sentencing. *See* ECF No. 77 at 2.

---

[1] The Court considered Defendant's Suggestions in Support (Def.'s Mem.), ECF No. 263-2, Government's Response to Defendant's Sixth Motion for Compassionate Release and for Appointment of Counsel ("Govt. Resp."), ECF No. 267-1, Defendant's Reply ("Def.'s Reply"), ECF No. 270, and additional exhibits submitted by Defendant, ECF No. 271.

**LEGAL STANDARD**

Under 18 U.S.C. § 3852(c)(1)(A)(i), a court may reduce a term of imprisonment for "extraordinary and compelling reasons." The Court first considers whether a defendant is eligible for a sentence reduction. The Court must determine "(1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). The relevant policy statement is U.S.S.G. § 1B1.13. If this first step is satisfied, the Court proceeds to consider whether a sentence modification is appropriate under the factors outlined in 18 U.S.C. § 3553(a). *See United States v. Osman*, No. 23-6544, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024); *Malone*, 57 F.4th at 174.

The Court must make an individualized assessment of the defendant's sentence and circumstances. *See United States v. Moody*, 115 F.4th 304, 312 (4th Cir. 2024). The Court need not address every argument raised by a defendant. *See United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). Instead, the Court must "set forth enough" explanation to show it "considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022).

**ANALYSIS**[2]

Defendant argues he has presented "extraordinary and compelling reasons" for compassionate release due to medical issues, change in the law,[3] cooperation, unusually harsh

---

[2] The Court has repeatedly found that Mr. Byrd sufficiently exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 90; ECF No. 117; ECF No. 231. Accordingly, the Court will not repeat its analysis and will address only the merits of Mr. Byrd's Motion.

[3] Defendant cites U.S.S.G. § 1B1.13, which became effective in November 2023, as the change in the law. He points to § 1B1.13(b)(1)(B)(i), which provides that extraordinary and compelling reasons exist when the defendant is "suffering from a serious physical or medical

prison conditions due to COVID-19 measures and staff shortages, rehabilitation,[4] age, and time served. Def.'s Mot at 1; Def.'s Mem. at 10-30.

## I.     Medical Issues

Defendant's primary argument is based on his several medical conditions and what he argues has been inadequate medical treatment by the Bureau of Prisons. Def.'s Mem. at 10-17. Both Mr. Byrd and the Government have provided the Court with copies of the extensive medical records from the Bureau of Prisons' Health Services. *See* ECF Nos. 263-5 through 6, 267-2 through 4, 270-1 through 4, and 273-1-4, 10, 11. The Court has reviewed the course of treatment and Mr. Byrd's efforts to obtain prompt follow-up care as recommended by the physicians and nursing staff.

While these records establish that Mr. Byrd suffers from several significant medical ailments, they do not support his claim that his medical needs are being ignored or unreasonably delayed. In fact, Mr. Byrd has been examined and treated for all of the conditions he listed in his motion. *See* ECF No. 263-2 at 10-17. Most important, following a vicious attack on him in July 2023, Mr. Byrd was hospitalized at UPMC Presbyterian. He suffered facial bone fractures and a shoulder injury. He underwent surgery for his facial injuries and received treatment for his shoulder. *See* ECF No. 263-6. Subsequently, he has been examined numerous times and received

---

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." As discussed herein, the Court finds that the facts in this case do not satisfy this provision because Mr. Byrd is receiving treatment. Defendant lists other circumstances that may provide extraordinary and compelling reasons according to § 1B1.13, but he does not claim that the facts of his case meet the criteria of these provisions. Def.'s Mem. at 17-18.

[4] Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason, but it may be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d). While the Court commends Mr. Byrd for his participation in various programs while incarcerated, these facts do not tip the balance in favor of sentence reduction.

physical therapy, additional surgery, and medication consistently since. At the time of his motion, he had been notified that additional surgery (septoplasty) was approved and being scheduled. *See* ECF No. 270-1 at 18. He is on medication for hypertension and high cholesterol, an inhaler for asthma, and conservative follow-up care for his TMJ.

Undoubtedly, there have been delays and the passage of time he considers unreasonable in receiving the care prescribed. But the Court cannot consider this as rising to the level of extraordinary when the overall medical record demonstrates that Mr. Byrd has received persistent and responsive care. Even the cumulative effects of his various medical conditions do not rise to the level that justifies compassionate release. The relevant policy statement contemplates that a defendant may be released if he is suffering from a serious condition from which he is not expected to recover or if he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. §§ 1B1.13(b)(1)(B)(i)-(b)(1)(C). Each condition Mr. Byrd enumerates is being monitored and treated. He has not persuaded the Court that his overall health justifies early release.

## II. Prison Conditions and Safety

Defendant argues he has experienced unusually harsh conditions as a consequence of measures undertaken to control a resurgence of COVID-19. Def.'s Mem. at 2, 19-20. The Government argues that, as of the filing of its response, there were zero cases of COVID-19 at Defendant's facility and a Bureau of Prisons attorney confirmed that there was no longer a specific COVID-19 protocol at the facility. Govt. Resp. at 5, 11. The Bureau of Prisons website states that there were zero open cases of COVID-19 as of January 21, 2025. Fed. Bureau of Prisons, *Inmate COVID-19 Data*, bop.gov/about/statistics/statistics_inmate_covid19.jsp [https://perma.cc/GV2Y-

2G6K]. Defendant further argues that staff shortages have made all federal prisons unsafe. Def.'s Mem. at 20-21. The Defendant attached documentation stating that his facility was under "modified lock down" procedures after "the recovery of hard contraband which resulted in staff being transported to the emergency room." *See* ECF No. 271-8 through 9.

Defendant has not presented facts suggesting he has been affected by current prison conditions in a way that is unique to him or that any effect he has suffered is so severe that it would rise to the level of an extraordinary and compelling circumstance. *See United States v. Boykin*, No. 7:20-CR-00065-M-1, 2024 WL 4044343, at *3 (E.D.N.C. Sept. 4, 2024) (finding toxic mold, staff misconduct, and lockdowns were not extraordinary and compelling reasons because they were generalized grievances shared by the prison population as a whole); *United States v. Bryant*, No. 3:04-CR-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024) (finding that because defendant's argument about halfway house overcrowding was a circumstance he shared with all federal inmates, it was not an individualized circumstance approaching an extraordinary and compelling reason). The Court does not find that current prison conditions are an extraordinary and compelling reason for compassionate release.

Defendant further argues that he "cooperated and has never received any type of recognition other than his being seriously assaulted for his cooperation." Def.'s Mem. at 18. The Government argues that Mr. Byrd never provided any useful information to the Government. Govt. Resp. at 10. The Government points to a record stating that Mr. Byrd told a physician about the fight: "I had nothing to do with it. It wasn't even about me. I was just there trying to mediate and keep the peace." *Id.*

The Court finds that Defendant's cooperation, and his related safety concerns, are not extraordinary and compelling bases for sentence reduction. Mr. Byrd's concerns about safety do

not rise to the high level required for early release. *See United States v. Tate*, No. 3:16-CR-74, 2022 WL 827256, at *2 (W.D.N.C. Mar. 18, 2022) (finding a reasonable fear of assault after cooperation was not an extraordinary and compelling reason for compassionate release); *United States v. Savage*, No. 1:01-CR-64, 2024 WL 1913166, at *4 (N.D.W. Va. Apr. 30, 2024) (finding that safety concerns were not enough to meet the high showing required for a sentence reduction).

## CONCLUSION

Defendant has not presented an extraordinary and compelling reason warranting a reduction in sentence. Accordingly, the Court does not reach the 18 U.S.C. § 3553(a) factors. *See Malone*, 57 F.4th at 174. The Court **DENIES** Defendant's Sixth Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for Appointment of Counsel. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 18, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE